IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNTS OF SILAS D. GIFFORD, EXECUTOR, ETC., OF WILLIAM H. FLORENCE, DECEASED.

*Construction of a clause of a will devising the share of a child dying before receiving his share to the surviving children — when it will be held not to apply to a special devise made to one of the children.*

APPEAL by William H. Florence from decrees of the surrogate of Westchester county, settling the accounts of Silas D. Gifford, executor of William H. Florence, deceased.

William H. Florence died March 5, 1881, leaving him surviving his widow Catherine and six children, William H., Luvenia, John L., Walter, Thomas F. and Floretta. He also left a will, subsequently probated, the material parts of which were as follows: "Fifth. All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath unto the executors of this my will, hereinafter named, for the uses and purposes following, to wit: Sixth. To sell or convey all my real property at such time or times, in such manner or parcels, and upon such terms as they shall deem best for the interests of my estate, and, until such sale, to let and rent the same. Seventh. To collect, convert and get in all my personal property and invest the same and the money derived from the sale of my real property, in such interest paying securities as they shall deem safe and best for the interests of my estate, and to keep the same so invested until my youngest daughter, Floretta, shall arrive at the age of twenty-one years, and until the decease of my said wife Catherine. Eighth. I give, devise and bequeath the *income* and interest that shall be derived by said executors from all the rest, residue and remainder of my estate, and I direct my said executors to pay the same annually, or oftener, if practicable, as follows, to wit: Ninth. To my wife Catherine three-ninths thereof; to my son William H. one-ninth thereof; to my daughter Luvenia one-ninth thereof; to my son John L. one-ninth thereof; to my son Walter one-ninth thereof; to my son Thomas F. one-ninth thereof, and to my daughter Floretta one-ninth thereof, *until* my said daughter Floretta shall arrive at the age of twenty-one years,

and *until* the decease of my said wife. When both of said events shall have taken place, I give, devise and bequeath all of the said rest, residue and remainder of my estate, real or personal, unto my above-named six children, share and share alike. Tenth. And said executors are thereupon directed to distribute and pay over the same to said children, excepting, nevertheless, as to the share of my said daughter Luvenia, which share, in case she shall then be the wife of William Canard, her present husband, I direct said executor to hold in trust and keep invested, and pay the income and interest thereof to her, as aforesaid, so long as she shall remain the wife of said William Canard, and thereafter to pay the said share to her or her surviving issue. Eleventh. In the case of the decease of any of my said children before receiving his or her share of my estate, then I give the share of such deceased child to my other surviving children." Catherine, the widow, died June 22, 1882. Luvenia Canard died intestate May 4, 1886, while yet the wife of William H. Canard, leaving but one child, an infant, William H. Canard. Floretta, his youngest child, became twenty-one years of age March 27, 1887.

The court at General Term said : " The main point sought to be reviewed on this appeal is that the true construction of the will is that on the death of *any* of his children before *receiving* his or her share, such share should go to his or her then surviving children and not to their issue, under the eleventh clause. In other words, that since the estate was not to be *distributed* until both events had happened, viz., the death of his wife and the majority of Floretta, and since Luvenia died May 4, 1886, and Floretta did not attain majority until March 27, 1887, Luvenia's share must go to her four surving brothers and to Floretta, the surviving sister, and not to Luvenia's infant son William H. Canard. William H. Florence alone makes this contention, none of the other children or their assignees indeed none of his own assignees have ever joined in this view.

" We do not accept this construction. The whole argument to sustain it rests on the phrase ' before *receiving* his or her share,' in the eleventh paragraph of the will, and presupposes that this clause applies to the event of the death of any of the children, that is to say, that the eleventh clause is of general and unlimited application.

This does not seem to us to be the proper view. On the contrary, the tenth clause contains an express exception which takes this share out from the rule applicable to the others. The testator there says: 'Excepting, nevetheless, as to the share of my said daughter Luvenia,' etc., and he evidently intended to make an exception of Luvenia's share which intent must control. The five shares are to be distributed to, and *received* by those five children when the two events have happened. But her share is not to be then received by Luvenia *unless* there shall have happened two other contingencies, one, that she shall be living, and the other, that she shall have ceased to be the wife of Canard. If she be living and still his wife, she cannot *receive* her share. It is to remain in trust with the executors who are to pay her the income so long as she remains Canard's wife, 'who shall *thereafter* pay * * the said share to her or her surviving issue.' Here then is the testator's plain purpose respecting this share. Luvenia was to have the income so long as she remained Canard's wife. When she ceased to be his wife, being alive, she should receive her share, and if she never ceased to be his wife, being alive, she *never* was to receive her share. Suppose she had survived the contingency when the other shares were distributable, viz., Floretta's majority and had *then* died, would her share go to her brothers and sisters? If so the provision for her 'surviving issue' becomes utterly meaningless.

"We cannot see that the applicant has any interest in the matter in view of his assignments. But since that point may not be altogether clear on the facts presented, we put our decision on the main ground already discussed."

*John C. Shaw*, for William H. Florence, appellant.

*William M. Skinner*, for the executor, respondent.

*James A. Deering*, for John C. McLaughlin guardian of William H. Kinnaird, an infant, respondent.

Opinion by PRATT, J.

Present BARNARD, P. J., DYKMAN and PRATT, JJ.

Part of decree appealed from, and interlocutory decree affirmed, with costs.